IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES A. BROWN, | ) | Civil Action No. 7:12-cv-00267 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LARRY T. EDMONDS, et al., | ) | By:  Hon. Michael F. Urbanski |
|     Defendants. | ) |        United States District Judge |

James A. Brown, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Larry T. Edmonds, Warden of the Buckingham Correctional Center ("BCC"), and Lt. Gomer, a BCC correctional officer. Plaintiff alleges that defendants failed to protect plaintiff from another inmate. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the action without prejudice as frivolous for being untimely filed.

**I.**

Plaintiff alleges the following facts in the complaint and attachments.[1] Before February 25, 2009, plaintiff and his cellmate told Lt. Gomer on multiple, separate occasions that they did not get along and needed to be separated. Plaintiff also told Lt. Gomer of the cellmate's illegal activities, but Lt. Gomer dismissed plaintiff's concerns and left plaintiff confined with the cellmate.

On February 25, 2009, the cellmate beat plaintiff with a lock, and plaintiff awoke in a hospital. Hospital staff told plaintiff that he was beaten and received emergency surgery to save his life. Medical treatment included cutting away part of plaintiff's skull, stapling his scalp, and

---

[1] Plaintiff signed the complaint on May 2, 2012, but he does not say when he handed it to prison officials for mailing. The court received the complaint on June 18, 2012.

physical therapy, and plaintiff suffers from mental deficiency and confusion, periodic optical swelling, and mental anguish.

Plaintiff stayed at the hospital until March 24, 2009, when he was transferred to the Deerfield Correctional Center's ("DCC") medical infirmary. While at the DCC, a representative of the Buckingham County Commonwealth Attorney's Office told plaintiff that the cellmate would be prosecuted for the attack. On November 19, 2009, the cellmate entered an Alford plea in a Virginia circuit court to malicious wounding and received a seven-year sentence.

Plaintiff believes Lt. Gomer was deliberately indifferent to the risk that the cellmate would attack plaintiff. Plaintiff names Edmonds as a defendant because the Warden is responsible for the overall operation of the BCC and for BCC inmates' welfare.

Plaintiff attached to the complaint his medical records from the hospital and the DCC infirmary, which reveal the following information. Plaintiff was awake but disoriented when he arrived at the hospital. He told hospital staff that he had a bad headache, but he was not able to rate the pain on a numeric scale. The DCC infirmary entry for March 25, 2009, says plaintiff was "aware completely of his environment." The DCC medical record repeatedly acknowledges that plaintiff was alert and oriented between March and July 2009. Plaintiff's Braden Scale for sensory perception was consistently recorded as, "No Impairment. Responds to verbal commands. Has no sensory defect which would limit ability to feel or voice pain or discomfort." (Braden Scale (no. 2 at 60.)

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28

2

U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).  The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Section 1983 adopts the statute of limitations that the forum state uses for general personal injury cases.  Owens v. Okure, 488 U.S. 235, 249-50 (1989).  See Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding Virginia's rules regarding equitable tolling apply when Virginia's statute of limitations applies).  Virginia's applicable statute of limitations for § 1983 actions is two years.  See Va. Code § 8.01-243(A).  However, federal law itself governs the question of when a cause of action accrues.  Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975).  A federal cause of action accrues when "the plaintiff has 'a complete and present cause of action'" or when the plaintiff "can file suit and obtain relief."  Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997).

Based on plaintiff's submissions, plaintiff's cause of action accrued before May 2, 2010, which is two years from the earliest date plaintiff may have instituted this action.  Plaintiff knew on February 25, 2009, that his cellmate attacked him.  Lt. Gomer dismissed plaintiff's and the

3

cellmate's requests for new cellmates, based on their interpersonal conflicts, before the attack. Accordingly, plaintiff could sue Lt. Gomer and Edmonds for their alleged failure to protect in February 2009. Nothing in plaintiff's medical record supports a claim that plaintiff lacked sufficient mental capacity to toll the two-year statute of limitations for so long as to make this action timely filed.

Virginia Code § 8.01-229(K) does not toll the statute of limitations.[2] This action against defendants does not arise from the same facts as the cellmate's criminal proceedings. Malicious wounding requires the Commonwealth to prove facts beyond a reasonable doubt that the cellmate maliciously wounded plaintiff with the intent to maim, disfigure, disable, or kill. VA. CODE § 18.2-51. The facts necessary to prove malicious wounding beyond a reasonable doubt in Virginia criminal proceedings are not the same facts to determine whether defendants were personally aware of facts indicating a substantial risk of serious harm to plaintiff and whether defendants actually recognized the existence of that risk. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994). Thus, plaintiff's § 1983 action focuses on what defendants knew and how they acted before the attack, not whether the cellmate maliciously wounded plaintiff. Accordingly, plaintiff's § 1983 action against defendants did not arise out of the same facts as the cellmate's malicious wounding, and Virginia Code § 8.01-229(K) does not toll the statute of limitations.

---

[2] This statute reads in pertinent part:
In any personal action for damages, if a criminal prosecution arising out of the same facts is commenced, the time such prosecution is pending shall not be computed as part of the period within which such a civil action may be brought. For purposes of this subsection, the time during which a prosecution is pending shall be calculated from the date of the issuance of a warrant, summons or capias, the return or filing of an indictment or information, or the defendant's first appearance in any court as an accused in such a prosecution, whichever date occurs first, until the date of the final judgment or order in the trial court, the date of the final disposition of any direct appeal in state court, or the date on which the time for noting an appeal has expired, whichever date occurs last.

4

Nonetheless, the two-year statute of limitations would still be expired even if § 8.01-229(K) applied. State court records reveal that the cellmate was indicted in Buckingham County on April 10, 2009, and the time to appeal the conviction expired on December 21, 2009. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). See also Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). After tolling this period, more than two years still passed between when the action accrued and plaintiff allegedly instituted this action in May 2012. Accordingly, plaintiff did not timely file the complaint, and it is dismissed without prejudice as frivolous. See Brooks v. City of Winston-Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996) (stating sua sponte dismissal is proper when the face of the complaint clearly reveals the existence of a meritorious affirmative defense); Nasim v. Warden, 64 F.3d 951, 954-55 (4th Cir. 1995) (affirming district court's sua sponte dismissal as frivolous when the plaintiff's claims were time-barred by the statute of limitations); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (affirming district court's dismissal of claims as frivolous when claims were time-barred by the statute of limitations). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

**III.**

For the foregoing reasons, the court the court dismisses plaintiff's complaint without prejudice as frivolous because it is untimely filed, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: June 28, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

6